Singh v. Barr

BIA
Tsankov, IJ
A208 179 126

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand twenty.

PRESENT:
> ROSEMARY S. POOLER,
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

SUKHWINDER SINGH,
> *Petitioner,*

v.

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

18-1496
NAC

FOR PETITIONER: Amy Nussbaum Gell, Gell & Gell, New York, NY.

FOR RESPONDENT: Jeffrey Bossert Clark, Acting Assistant Attorney General; Brianne Whelan Cohen, Senior

Litigation Counsel; Mona Maria Yousif, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sukhwinder Singh, a native and citizen of India, seeks review of a May 2, 2018, decision of the BIA affirming a May 22, 2017, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sukhwinder Singh,* No. A 208 179 126 (B.I.A. May 2, 2018), *aff'g* No. A 208 179 126 (Immig. Ct. N.Y. City May 22, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination

2

under a substantial evidence standard). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, . . . or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's adverse credibility determination.

First, as the agency found, there were inconsistencies between Singh's testimony and asylum application and internal inconsistencies in his testimony regarding whether he was threatened and left India in 2013 and why he traveled to Cuba. In his asylum application, Singh alleged that he supported the Akali Dal Amritsar Party ("SADA Party" or "Mann Party"),

3

and that he fled to Cuba in January 2013 after members of the rival Akali Dal Badal Party ("Badal Party") threatened to kill him. However, he testified that he did not want to leave India before June 2014, when he alleged he was first beaten. When confronted with this inconsistency, he changed his testimony to say that he had left India in 2013.

His explanations were also inconsistent or not responsive. When asked to explain why he testified that he had not wanted to leave India before June 2014, he stated that he went "for tourist purposes," which did not explain the statement in his application that he fled because Badal Party members threatened to kill him. And his ensuing testimony was internally inconsistent regarding whether he was threatened in January 2013. The IJ was not required to credit Singh's explanation that he did not previously recall the threat, as he was unlikely to forget a death threat that caused him to flee to another country. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit

4

his testimony." (internal quotation marks and citations omitted)).

Second, Singh's asylum application was also inconsistent with his initial credible fear interview, at which he also did not mention the threat or trip to Cuba. When asked about this inconsistency, Singh testified that he could not recall at the time of the credible fear interview that he was threatened. The IJ was not required to accept this explanation. *See id.*

These inconsistencies regarding whether Singh was threatened with death in January 2013 by Badal Party members and why Singh went to Cuba are significant because they relate to when and why Singh first started to fear harm by the Badal Party. *See id.* at 79–80 ("Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution, . . . , a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise."). Furthermore, these "dramatically different" accounts of why Singh traveled to Cuba provide substantial evidence for the adverse

5

credibility determination and call into question Singh's credibility as a whole. *See id.* (determining that "dramatically different" accounts of incident are substantial evidence for adverse credibility determination); *see also Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").

Singh challenges the IJ's reliance on the fact that he did not provide testimony or a letter from his father's friend. However, as determined by the BIA, there is sufficient support for the adverse credibility determination, even without this finding. *See Majidi*, 430 F.3d at 80. Singh also argues that the agency ignored affidavits corroborating his claim and that the agency could have considered his CAT claim regarding the actions of the police. However, Singh did not exhaust these arguments before the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122–23 (2d Cir. 2007) (requiring petitioner to exhaust all issues before the BIA). Because Singh's claims were all based on the same factual predicate, the adverse credibility

6

determination is dispositive of asylum, withholding of removal, and CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe,<br>
Clerk of Court

7